UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BRYAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>BRIAN McPHERSON; PAUL CROOK;<br>CORONADO POLICE DEPARTMENT; CITY<br>OF CORONADO,<br><br>                    Defendants. | Civil No.   06cv1487-LAB (CAB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND REBUTTAL EXPERT DESIGNATION DEADLINE**<br><br>**[Doc. No. 30]** |

On May 18, 2007, Plaintiff moved to extend the cut-off date for rebuttal expert designation from April 19, 2007, to May 21, 2007. Defendants filed an opposition. For the reasons below, Plaintiff's motion is granted.

On December 4, 2006, this Court held a telephonic Case Management Conference and, upon conferring with the parties and counsel of record, issued a Scheduling Order. [Doc. # 17]. Under the Order, the parties were to designate their experts on or before April 5, 2007; designate their rebuttal experts on or before April 19, 2007; provide expert reports on or before June 4, 2007; provide rebuttal expert reports on or before June 18, 2007; and to complete discovery on or before July 9, 2007. On April 13, 2007, Plaintiff moved to extend the discovery dates by 60 to 90 days. [Doc. # 21]. Having found that no good cause was shown for an extension, the Court denied the motion. [Doc. # 25].

Plaintiff now argues that Defendants would not be prejudiced by an extension of the rebuttal expert designation deadline because Defendants have not yet provided their expert reports, and because

the discovery cut-off is not until July 9, 2007.  Plaintiff intends to designate an expert on the use of a TASER gun.  Plaintiff has consulted with an expert, Mr. Roger Clark, "who will be able to provide a report shortly after designation and before the discovery cut-off." (Pl.'s Mot., 1:22-23).  Plaintiff's counsel was unable to designate an expert timely because the counsel has been engaged in a criminal trial. (*Id.,* 1:25-26).

"Rule 16(b)' s 'good cause'" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "In these days of heavy caseloads, trial courts ... set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  Plaintiff's counsel filed his motion over a month after the deadline for rebuttal designation passed, calling his diligence into question.  Plaintiff's counsel also has not shown that the criminal trial that allegedly prevented him from working on this case came up as an emergency, or why he could not plan for his discovery needs in advance.  Bearing in mind the potential prejudice to Plaintiff from lack of his own expert, however, the Court will grant this motion.  The prejudice to Defendants does not appear as serious since the expert reports have not been exchanged yet, and the discovery cut-off does not pass until July 9, 2007.  The deadlines for exchanging expert reports, as well as the discovery cut-off, will not be continued.

Accordingly, the rebuttal expert designation deadline is extended until and including **May 21, 2007.**

**IT IS SO ORDERED.**

DATED:  May 22, 2007

                                                    
**CATHY ANN BENCIVENGO**
United States Magistrate Judge