UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BRYAN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BRIAN McPHERSON; PAUL CROOK; CORONADO POLICE DEPARTMENT; CITY OF CORONADO,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　06CV1487-LAB (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF RECORDS** |

　　　Before the Court is Plaintiff Carl Bryan's motion to compel further responses to Requests for Production of Documents (Set One) served on Defendant Coronado Police Department. Plaintiff submitted his motion directly to Chambers on June 19, 2007. Defendant Coronado Police Department submitted its response directly to Chambers on June 22, 2007. The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART.**

　　　This case arises out of deployment of a Taser gun by Defendant MacPherson, a Coronado police officer, during a traffic stop of Plaintiff. Plaintiff claims MacPherson used excessive force in violation of his civil rights under 42 U.S.C. §1983. Plaintiff further alleges that Defendant Crooks, the Coronado Police and the City of Coronado failed to properly screen, hire, train, supervise and discipline MacPherson, resulting in the harm to Plaintiff, and that these Defendants have a policy of permitting the use of excessive force and a practice of inadequately investigating complaints of excessive force that

resulted in Plaintiff's injuries.

Plaintiff propounded discovery requests on the Coronado Police Department seeking records involving the incident between Plaintiff and Defendant MacPherson; MacPherson's personnel and training records; and broad requests involving any force reports or citizen complaints against any Coronado police officer. Defendant served a timely written response and objections to the requests and produced responsive documents.

Plaintiff challenges Defendant's objections and moves to compel further responses to Requests Nos. 2, 5, 17, 18 and 19 regarding Defendant MacPherson, and Requests Nos. 3 and 4, 6, 8, 10, 15, 16, 20, 21, 22 and 25.

Requests Nos. 2, 5, 17 and 18 seek documents relating to the employment file, performance evaluations, training records, and record of any complaints pertaining to Defendant MacPherson. The Defendant withheld the responsive documents based on official information privilege. The Court entered a Protective Order on June 22, 2007, and instructed Defendant to produce the responsive documents pursuant to that Protective Order. Defendant states that the documents responsive to these requests have now been produced. Accordingly, the motion to compel regarding Defendant MacPherson's records is moot.

Request No. 19 seeks all reports involving "use of force" by Defendant MacPherson. Defendant objected based on official information privilege. The Complaint alleges that Defendant MacPherson used "excessive force" against Plaintiff. Plaintiff's motion is **GRANTED** insofar as Defendant shall produce any complaints against Defendant MacPherson regarding use of excessive force or state that no such documents exist no later than **July 13, 2007.**

Requests Nos. 3 and 4 seek the training and evaluation records and excessive force complaints against all officers involved in the arrest of Plaintiff. Defendant objected based on official information privilege and relevance. Defendant's objections are sustained. The only officer alleged to have violated Plaintiff's rights by use of excessive force is Defendant MacPherson. No other officer is alleged to have been present during the alleged use of excessive force. The records of the other officers who arrived after the incident are privileged and not relevant. The motion to compel production of responses to Requests Nos. 3 and 4 is **DENIED.**

Request No. 6 seeks excessive force complaints against all officers in the Coronado police department by any person or entity for the past seven years.  Defendant objected based on official information privilege, the privacy rights of third parties and relevance.  Defendant, however, agreed to produce a list of all citizen complaints against its peace officers for the past five years.  Defendant's objections are sustained.  The only officer alleged in the complaint to have violated Plaintiff's rights by use of excessive force is Defendant MacPherson.  No other officer is alleged to have been present when the alleged use of excessive force occurred.  The motion to compel production of any further response to Request No. 6 is **DENIED.**

Requests Nos. 8, 10 and 15 seek documents relating to the incident between Plaintiff and Defendant MacPherson.  The Defendant withheld the responsive documents based on official information privilege.  The Court entered a Protective Order on June 22, 2007, and instructed Defendant to produce the responsive documents under the Protective Order.  Defendant states that the documents responsive to these requests have now been produced.  Plaintiff contends the production is incomplete as it did not include handwritten reports from investigating officers "contemporaneous to the interviews they conducted," or the log of the Taser used and its history.  Plaintiff's motion to compel is **GRANTED.**  Any further responsive documents, not attorney-client privileged, including handwritten notes by investigating officers regarding the arrest of Plaintiff, shall be produced no later than **July 13, 2007,** or Defendant shall indicate that there are no additional documents.  Although there are no allegations that the Taser was improperly maintained, as a matter of discovery, inquiry into the maintenance and history of the Taser employed in the incident is not so irrelevant or burdensome as to support Defendant's objection.  Defendant shall produce any and all records in its possession regarding the Taser used in the incident no later than **July 13, 2007.**

Requests No. 16 seeks documents involving use of the Taser gun by the Department, including but not limited to all records of when the Taser was used.  Defendant objected based on official information privilege, but further stated "no such document exists."  The motion is therefore **DENIED.**

Requests No. 20 seeks use of force reports involving the use of the Taser from January 2005 to March 31, 2007.  Defendant objected based on official information privilege.  The allegation of the complaint is that Defendant MacPherson's use of the Taser was "excessive force" against the Plaintiff.

Plaintiff's motion is **GRANTED** insofar as no later than **July 13, 2007,** Defendant shall produce any complaints of excessive force against Defendant MacPherson regarding the use of the Taser from January 2005 to March 31, 2007, or state that no such documents exist.

Request No. 21 seeks any and all use of force reports from January 2001 to March 31, 2007. Defendant objected based on official information privilege and the privacy interests of third parties. The Court finds the privacy interests of third parties outweigh any relevance that the requested reports, which are unrelated to incident at issue, might have to Plaintiff's complaint. Plaintiff's motion is **DENIED.**

Request No. 22 seeks a compilation of citizen complaints, investigations and the outcomes from January 2002 to the present. Defendant objected based on official information privilege, but further stated it would produce the Annual Report of Citizens' Complaints for 2002 through and including 2006. The motion is therefore **DENIED.**

Request No. 25 seeks contracts, invoices and records of expenditures regarding the purchase of Tasers by the police department. Defendant objected based on relevance, but further stated that, following a diligent search, no such documents were located. Plaintiff's motion is **DENIED.**

The Court has previously vacated the June 18, 2007 deadline to serve rebuttal expert reports, the hearing on Defendants' motion for summary judgment, and the dates for filing Plaintiff's opposition and Defendants' reply, pending rescheduling of MacPherson's deposition. The parties are reminded that they were ordered to select a date for the deposition upon the receipt of MacPherson's records and incident reports, and to notify the Court of the date promptly.

**IT IS SO ORDERED.**

DATED: June 29, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge