UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BRYAN,<br><br>  Plaintiff,<br><br>v.<br><br>BRIAN McPHERSON; PAUL CROOK;<br>CORONADO POLICE DEPARTMENT; CITY<br>OF CORONADO,<br><br>  Defendants. | Civil No.   06cv01487 LAB (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION RESPONSES FROM DEFENDANT McPHERSON** |

On August 13, 2007, this Court held a telephonic conference on Plaintiff's Motion to Compel Deposition Responses from Defendant McPherson. Eugene Iredale, Esq., appeared for Plaintiff. Carrie Mitchell, Esq., appeared for Defendants. Having considered the submissions of the parties and the arguments of counsel, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

On May 7, 2007, Plaintiff took the deposition of Defendant McPherson. Counsel for Defendant objected to certain questions regarding Defendant's personnel and training records as privileged and instructed the officer not to answer until a Protective Order was entered in the case. On June 14, 2007, the parties were ordered to submit a Protective Order regarding the production of Defendant McPherson's records and any incident reports, and Defendant was ordered to produce the responsive records and reports following the entry of the Protective Order. The deposition of Defendant McPherson was to be reconvened following the production.

On July 26, 2007, the deposition of Defendant McPherson was reconvened. During the deposition, counsel for Defendant instructed the witness not to answer hypothetical questions posed by Plaintiff's counsel. (McPherson Deposition, July 26, 2007, at 14:17 to 15:20; 19:6 to 20:17; 22:2-24; 26:11 to 28:8.) Other than these questions, the deposition of Defendant McPherson concluded on July 26, 2007. (*Id*. at 48:5-8.) Plaintiff has now moved for an order compelling responses to the questions the witness was instructed not to answer.

Plaintiff's motion is **GRANTED**. The instruction not to answer was not based on the assertion of privilege. Defendant's counsel's objections were that the questions were speculative, irrelevant, improper, or incomplete hypotheticals and she therefore instructed her client not to answer. Counsel's objections may be sound and are properly preserved by stating them in a non-argumentative manner on the record. The instruction not to answer was improper.

Defendant McPherson shall return for his deposition to provide responses to the questions he was improperly instructed not to answer, specifically:

| Page(s) | Lines |
|---------|-------|
| 14      | 17-18 |
| 15      | 12-14 |
| 19-20   | 22-2  |
| 20      | 10-12 |
| 22      | 2-13  |
| 26      | 11-16 |
| 27      | 13-15 |
| 27-28   | 24-4  |

Defendant McPherson will provide good faith responses to the questions. Plaintiff may make reasonable follow-up inquiry to Defendant's responses. The deposition is limited to one hour. Counsel for Defendant is admonished to make only concise objections and to refrain from arguing with opposing counsel or interfering with the proceedings. The deposition shall be concluded **no later than August 27, 2007**, absent a showing of good cause. **Defendant will pay the costs (court reporter's fee and transcript fee) of the deposition**.

Plaintiff's requests for (1) an extension of the discovery deadline and (2) for denial of Defendants' Motion for Summary Judgment are **DENIED**.  Plaintiff's request for sanctions in form of the fees incurred in bringing the motion is **DENIED**.

DATED:  August 14, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge