UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BRYAN,<br><br>  Plaintiff,<br><br>v.<br><br>BRIAN McPHERSON; PAUL CROOK; CORONADO POLICE DEPARTMENT; CITY OF CORONADO; and DOES 1-20,<br><br>  Defendants. | Civil No.   06cv1487 LAB (CAB)<br><br>**ORDER REGARDING DEFENDANTS' REQUEST FOLLOWING THE RECONVENED DEPOSITION OF DEFENDANT McPHERSON** |

Before this Court is Defendants' request, submitted to the Court on August 23, 2007, that the Court vacate its previous order requiring Defendants' to pay the costs of Defendant MacPherson's reconvened deposition, preclude Plaintiff from using the transcript of the deposition, and order Plaintiff to pay Defendants' costs for attending the deposition. Plaintiff submitted his opposition on August 29, 2007. Having considered the submissions of the parties and reviewed the deposition transcript, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

The deposition of Defendant MacPherson commenced on May 7, 2007, and was reconvened on July 26, 2007, following the production of certain records. During the July deposition, MacPherson's counsel instructed him not to answer hypothetical questions posed by Plaintiff's counsel. (McPherson Deposition, July 26, 2007, at 14:17 to 15:20; 19:6 to 20:17; 22:2-24; 26:11 to 28:8.) Other than these questions, the deposition of Defendant MacPherson concluded on July 26, 2007. (*Id*. at 48:5-8.) Plaintiff moved for an order compelling responses to the questions the witness was instructed not to answer.

1   On August 14, 2007, this Court granted Plaintiff's motion to reconvene the deposition of
2   Defendant MacPherson so Plaintiff could obtain answers to the hypothetical questions the witness was
3   instructed not to answer. (Docket No. 48.) Defendant had been improperly instructed not to answer
4   certain questions and this Court ordered him to return for his deposition to provide responses to eight
5   specific questions. Plaintiff was allowed to make reasonable follow-up inquiry to the responses made to
6   the hypothetical questions posed by counsel. The deposition was limited to one hour.

7   The deposition took place on August 22, 2007. Defendants submitted the transcript for the Court
8   to review. After reviewing the transcript, this Court finds Plaintiff did not comply with the Court's
9   order. Rather than pose the same hypothetical questions, or variations of those questions, that
10  Defendant was instructed not to answer, Plaintiff's counsel spent the time allowed by the Court to
11  question the witness on the specific details of the incident at issue in the litigation and those of an
12  unrelated incident involving this Defendant. Plaintiff's explanation of how the questioning complied
13  with this Court's August 14, 2007 order is unpersuasive. Plaintiff was granted leave to get answers to
14  questions regarding hypothetical situations that Defendant was instructed not to answer. Plaintiff was
15  not given leave to re-depose Defendant MacPherson on the specifics of the event at issue or of another
16  event. Plaintiff stated on the record at the July 26, 2007 deposition that Defendant MacPherson's
17  deposition was concluded as to those questions.

18  Accordingly, Defendants' motion is **GRANTED IN PART**. The scope of the reconvened
19  deposition was extremely limited and the questions did not comply with this Court's order. Plaintiff's
20  counsel abused the leave granted to reconvene the deposition and ignored the scope of the Court's order.
21  Defendants' request that the Court rescind the previous order requiring Defendants pay the deposition
22  expenses is **GRANTED**. Further, as a sanction for violating this Court's order, Plaintiff and his counsel
23  are ordered to pay Defendants $300.00, **no later than September 29, 2007**, to compensate Defendants
24  for expenses incurred in attending the deposition and bringing this motion.

25  This Court finds the August 22, 2007 deposition of Defendant MacPherson was not taken in
26  good faith, violated this Court's order, and was therefore taken without leave of this Court. Defendants'
27  request that this Court preclude use of the transcript for any purpose is **DENIED** without prejudice.
28  ///

Defendants may address any motions to exclude the testimony from the August 22, 2007 deposition of Defendant MacPherson to the District Judge should Plaintiff seek to introduce it for any purpose.

**IT IS SO ORDERED**.

DATED: September 18, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge