# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BRYAN,<br><br>                   Plaintiff,<br>vs.<br><br>BRYAN McPHERSON, PAUL CROOK,<br>CORONADO POLICE DEPARTMENT,<br>CORONADO, DOES 1-20,<br><br>                   Defendants. | CASE NO. 06CV1487-LAB (PCL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**ORDER DISMISSING DEFENDANT CROOK** |

On December 5, 2007, the Court issued an order granting Defendants' motion for summary judgment as to certain claims, but ordering additional briefing and reserving judgment as to the issue of qualified immunity and Plaintiff's *Monell* claim, state tort claims, and claims under Cal. Civil Code § 52.1.

The parties have submitted additional briefing, and the Court is now prepared to rule on the remaining issues.

On January 18, 2008, the parties jointly moved to dismiss Defendant Crook.

## I. Remaining Summary Judgment Issues

### A. Qualified Immunity

Previously, the Court noted undisputed evidence that Plaintiff appeared volatile and his behavior erratic, and that he exited his car quickly even after being given repeated instructions to stay

inside. It is beyond dispute that a reasonable officer under these circumstances would have been alert and cautious. Due to incomplete briefing, however, it was not sufficiently clear whether Defendants could meet their burden of proof on the issue of qualified immunity. *See Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir. 2005) (explaining burden of proof on issue of qualified immunity).

In his supplemental briefing, Plaintiff has provided evidence from which a reasonable jury could find Defendant McPherson was somewhere between 15 and 25 feet from Plaintiff at the time the incident took place. (P.'s Supplemental Reply at 2:18–23.) He has similarly presented evidence from which a reasonable jury could infer the relative positions of Plaintiff and MacPherson, and could conclude Plaintiff was not facing McPherson when Plaintiff was shot with the Taser. (*Id.* at 4:4–27.) Plaintiff earlier submitted a photograph showing a blood stain on the pavement which he argues suggests his position when he fell. (Opp'n to Mot. for Summ. J., Ex. E.) In his supplemental reply, he argues a jury could infer he fell forward, and could therefore find he was shot from behind. The photographic evidence does not reasonably show this, because if as Plaintiff argues he was shot from behind and fell forward, and if as Plaintiff states he did not move away from the car after getting out, he would have hit the car door and not the pavement. Nevertheless, the evidence could at least show Plaintiff was not facing Defendant McPherson directly when he was shot with the Taser. Taking all the evidence into account, a jury could reasonably find Plaintiff did not present an obvious immediate threat to Defendant McPherson.

Unlike certain other weapons, the effects of being shot by a Taser is not common knowledge; thus, in the absence of evidence, jurors would be left to speculate regarding how dangerous a Taser might be. The Court pointed out Plaintiff had failed to include evidence regarding how dangerous the Taser used in this incident could be expected to be, or what alternatives a reasonable officer would have been aware of when confronted with this situation. (Order of Dec. 5, 2007, at 13:14–18.) The only gesture towards briefing this is Plaintiff's argument that Plaintiff was standing on an asphalt pavement at the time he was shot with the Taser, so that when he fell, he might sustain serious injuries. (P.'s Supplemental Reply at 4:28–5:3.) Plaintiff had previously submitted testimonial evidence he suffered great pain when hit with the Taser and fell and broke several of his teeth on the pavement.
/ / /

A reasonable jury might infer from this evidence that a reasonable officer would have known a Taser was painful and that the resulting fall might cause injury. In a different case, this might not be sufficient to withstand summary judgment on qualified immunity grounds. However, in view of the evidence regarding the distance between Plaintiff and Defendant McPherson, and their relative positions, the Court concludes it is a question for the jury whether a reasonable officer would have known deploying the Taser under the circumstances was clearly unlawful. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) (explaining that the qualified immunity inquiry focuses on whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.). If the jury believes Plaintiff's evidence, Plaintiff was standing far from Defendant McPherson and was not facing or advancing on McPherson when he was hit with the Taser. A jury could reasonably conclude under the circumstances McPherson was presented with, Plaintiff presented no immediate danger to him and no use of force was necessary.

### B.    Tort Claim, § 52.1 Claim

While the complaint brought claims under Cal. Civil Code § 52.1 against all Defendants, Defendants' motion for summary judgment addressed only the claim against Defendant McPherson. Defendants' motion argued, based on the text of this section, that it supported only claims based on attempts to interfere with the exercise of Constitutional rights. While the plain text of the statute supports such an interpretation, California case law suggests this section should be interpreted more broadly to encompass intentional violation of an individual's right to be free from police interference. *See Gillan v. City of San Marino*, 147 Cal.App.4th 1033, 1037 (Cal. App. 2 Dist. 2007) (holding arrest without probable cause would support recovery under § 52.1). Although the language of the section refers to "persons," it appears municipal defendants may also be liable under this section. *Id.* at 1037, 1053–53 (affirming denial of judgment notwithstanding the verdict on § 52.1 claim against city and municipal employees). *See also Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 883 (Cal. App. 4 Dist. 2007) (discussing the meaning of § 52.1).

Because the state tort claim against Defendant McPherson and § 52.1 claims against all Defendants are derivative of the excessive force claim, summary judgment on these additional claims is likewise denied.

### C. *Monell* Claim

Plaintiff alleged the City of Coronado (the "City") subjected Plaintiff and others to a pattern of using excessive force and refusing to investigate complaints of excessive force, amounting to a *de facto* policy. (Complaint at 7:9–20, 8:24–9:4.) In his opposition to Defendants' motion for summary judgment, Plaintiff did not designate any facts specifically in support of his claim brought pursuant to *Monell v. N.Y. Dep't of Social Servs.*, 436 U.S. 658 (1978), although he did refer generally to the City's alleged failure to train, supervise, investigate, or discipline Defendant MacPherson and others. (P.'s Memo. in Supp. of Opp'n to Mot. for Summ. J. at 16:10–19:8.)

The evidence Plaintiff points to is exceedingly thin. He points to evidence that McPherson didn't remember much about his own training in the use of force. (P.'s Memo. in Supp. of Opp'n to Mot. for Summ. J. at 16:12–27.) This is unhelpful to Plaintiff, because it tends to show the City did train officers in the reasonable use of force, although McPherson can't remember the training. The fact that the City gave general guidance regarding the use of force rather than explaining to officers what to do in specific scenarios (*id.* at 16:16–22) does not show deliberate indifference to Plaintiff's rights.

Plaintiff speculates, but provides no evidence, that the City only investigates incidents when citizens make complaints. (P.'s Memo. in Supp. of Opp'n to Mot. for Summ. J. at 17:1–6.) Plaintiff points to evidence Defendant Crook, the City's police chief, did not personally investigate or make a finding regarding the incident at issue here. (*Id.* at 17:6–11.) This does not, however, tend to show that no one investigated the incident for the City, nor is there any requirement that a city's police chief personally investigate and make findings regarding allegations of misconduct.

Plaintiff points to one previous incident in which Defendant McPherson used a Taser on a citizen when circumstances did not warrant it. (P.'s Memo. in Supp. of Opp'n to Mot. for Summ. J. at 17:19–18:12.) He alleges, but provides no evidence, that the City took no action to investigate or train McPherson after this incident. (*Id.* at 18:24–27.)

Finally, Plaintiff points to Defendant Crook's inability to answer specific questions about the City's use of force policy. (P.'s Memo. in Supp. of Opp'n to Mot. for Summ. J. at 18:26–19:8.) A police chief's lack of knowledge about a city's policy on the use of force does not show there was no

1  policy, however. More importantly, "the inadequacy of police training may serve as the basis for
2  § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of
3  persons with whom the police come into contact." *Price v. Sery*, 2008 WL 170205, slip op. at *10
4  (9th Cir. Jan. 22, 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)) (internal
5  quotation marks omitted).

6  In his opposition to Defendants' motion for summary judgment, Plaintiff identifies no evidence
7  from which a reasonable jury could conclude the City was deliberately indifferent to the rights of
8  persons with whom its officers came into contact. Plaintiff's allegations of a pattern of police brutality
9  and failure to investigate the use of force thus have no evidentiary support. At most, Plaintiff's
10  evidence supports a finding of negligence, not deliberate indifference.

11  Although not authorized to do so, Plaintiff briefed the *Monell* claim in his supplemental reply
12  brief. Plaintiff's late attention to this issue does not to withstand summary judgment. Plaintiff's new
13  evidence comes in the form of excerpts from a transcript of the deposition of Sgt. Wall, the supervisor
14  of Taser instructors for the City's police department. This deposition was taken September 11, 2007,
15  and Plaintiff had ample time to ask for leave to supplement the record. He never did so.

16  Even if the Court were to accept the new evidence, it would be insufficient to support the
17  *Monell* claim. Those portions of Sgt. Wall's deposition Plaintiff cites establish the City trained its
18  officers regarding the appropriateness of using the Taser in different situations. Plaintiff's chief
19  complaints appear to be twofold. First, he believes the City should have dealt with Taser use by means
20  of separate Taser-specific policies and training, rather than having a general "use of force" policy;
21  (1) training officers generally when to use force rather than holding specific training on the
22  reasonableness of Taser use, and (2) tracking Taser use along with use of all other weapons. Second,
23  he believes the City should have absolutely forbidden Taser use under certain conditions, rather than
24  merely providing guidance. At most, this could support a finding of negligence, not a finding of
25  deliberate indifference.

26  Summary judgment on Plaintiff's *Monell* claim is therefore granted.
27  / / /
28  / / /

**II.     Conclusion and Order**

The remaining portions of Defendants' motion for summary judgment not disposed of in the Court's order of December 5, 2007 are **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is **GRANTED** with regard to Plaintiff's *Monell* claims, but **DENIED** as to Plaintiff's § 1983 claims, state tort claims, and Cal. Civil Code § 52.1 claims.

The parties' joint motion to dismiss Defendant Crook with prejudice as a party is hereby **GRANTED**. Each of the parties shall bear their own costs in this regard.

**IT IS SO ORDERED**.

DATED: February 6, 2008

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge