# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CARL BRYAN, | CASE NO. 06CV1487-LAB (PCL) |
|---|---|
| Plaintiff, | **ORDER ON MOTION FOR CLARIFICATION** |
| vs. | |
| BRYAN MacPHERSON, PAUL CROOK, CORONADO POLICE DEPARTMENT, CORONADO, DOES 1-20, | |
| Defendants. | |

On November 30, 2010, the Ninth Circuit panel, ruling on Defendants' interlocutory appeal, reconsidered its earlier ruling, determined that Defendant MacPherson was entitled as a matter of law to qualified immunity, and reversed this Court's denial of his motion for summary judgment. After receiving the Ninth Circuit's mandate, the Court on February 3 dismissed the complaint without specifying whether dismissal was with or without prejudice.

Bryan then filed an *ex parte* application to clarify the order of dismissal or, in the alternative, for reconsideration of the dismissal. The motion points out Bryan was also bringing supplemental state claims, which were not the subject of the appeal. Bryan agrees

/ / /
/ / /
/ / /
/ / /

his claims for assault and battery, intentional infliction of emotional distress, and violation of the Unruh Civil Rights Act, § 52.1, arise under state law.[1]

Because all federal claims in this case were dismissed before trial, the state claims are dismissed as well. *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). But the state claims are dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). To the extent Bryan's motion seeks reconsideration, it is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 10, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Bryan correctly says this is exclusively a state law claim. While Bryan's § 52.1 claim is in part based on an alleged violation of his U.S. constitutional rights, that claim can be resolved on the basis of either federal or state law. Even though § 52.1 in part incorporates a federal standard, adjudication of his § 52.1 claim does not necessarily depend on resolution of a federal question. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345-46 & n.7 (9th Cir. 1996) (finding no federal question jurisdiction, where claim was based on state statute incorporating standards found in both federal and state law).